IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA MALORI, #A105612,<br><br>Plaintiff,<br><br>v.<br><br>NELSON W. GOO, *et al.*,<br><br>Defendants. | CIVIL NO. 21-00481 LEK-KJM<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Before the Court is pro se Plaintiff Roberta Malori's ("Malori") Prisoner Civil Rights Complaint ("Complaint"). ECF No. 1. Malori alleges that her Sixth Amendment rights have been violated in an ongoing state criminal case.[1] Malori's claims related to her ongoing state criminal proceedings and this action are DISMISSED without prejudice.

**I. SCREENING**

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*, 885

---

[1] In the state case, Malori is identified as "Roberta Wilborn." According to Malori, "Roberta Wilborn" is a "false name." ECF No. 1 at 4.

...
...

F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

Malori is a pretrial detainee at the Oahu Community Correctional Center. ECF No. 1 at 1; *see also* VINE, https://www.vinelink.com/classic/#/home/site/50000 (follow "Find an Offender," then enter "Wilborn" in "Last Name" field and "Roberta" in "First Name" field) (last visited Dec. 22, 2021). She is awaiting trial in *State v. Wilborn*, No. 1CPC-19-0000658 (Haw. 1st Cir. Ct.). *See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "1CPC-19-0000658" in "Case ID or Citation Number" field) (last visited Dec. 22, 2021).

In the ongoing state court proceedings, Malori has been represented by several attorneys. She was represented by the Office of the Public Defender until a deputy public defender, Ryan A. Ha, Esq., moved to allow that office to withdraw as counsel. *See Wiborn*, No. 1CPC-19-0000658, Dkt. 53. Malori was then represented by Louis M. Ching, Esq. *See Wilborn*, No. 1CPC-19-0000658, Dkt. 132. Malori later replaced Ching with privately retained counsel, Thomas Waters, Esq. *See Wilborn*, No. 1CPC-19-0000658, Dkt. 201. After Waters withdrew as

---

[2] Malori's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

counsel, the state court appointed Nelson W. Goo, Esq., to represent Malori. *See Wilborn*, No. 1CPC-19-0000658, Dkt. 305. Goo continues to represent Malori in the state court proceedings.

In her Complaint, Malori alleges that Ha, Waters, Goo, the governor of the State of Hawaii, the "Circuit Court," and the "Public Defendant Office" violated her Sixth Amendment rights. ECF No. 1 at 1. Specifically, Malori alleges that she has been denied effective assistance of counsel because Ha "refused to talk with [Malori]," Waters "never communicated with [her]," and Goo does not communicate with and "totally ignore[s]" her. *Id.* at 3–5. Malori asks to have the state court provide her "with a constitutional and effective legal representation on the criminal case 1CPC-19-0000658." *Id.* at 6.

### III. DISCUSSION

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.2d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted). The Supreme Court held in *Younger* that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). The Ninth Circuit has held that *Younger* abstention applies regardless of whether the applicant seeks declaratory or injunctive relief, or damages. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir.

4

2004) (holding *Younger* abstention applies equally to damages actions as to actions seeking declaratory and injunctive relief).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment before federal court intervention is permitted. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("[E]ven if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.").

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, Malori's criminal proceedings are ongoing. *See Wilborn*, No. 1CPC-19-0000658; *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 6220208, at *3 (D. Haw. Nov. 28, 2018) (concluding that state proceedings were ongoing because plaintiff was "awaiting prosecution on charges that were instituted before [the] action began").

Second, the State of Hawaii has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings.  *See McCoy v. Sequeira*, Civ. No. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Haw. Sept. 18, 2020) ("Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings.").

Third, there are no apparent procedural bars preventing Malori from raising her ineffective-assistance-of-counsel claims in her criminal proceedings, on direct appeal, or, if necessary, in a state post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure.  *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."); *see also Mitchell v. Mitchell*, Civ. No. 13-00310 DKW-RLP, 2013 WL 4509658, at *4 n.2 (D. Haw. Aug. 23, 2013) ("State courts are as competent as federal courts to decide federal constitutional issues.").

Fourth, to allow this matter to proceed while the state criminal proceedings are ongoing would "interfere in a way that *Younger* disapproves."  *Gilbertson*, 381 F.3d at 978.  As the Ninth Circuit has stated, "interference is undoubtedly the reason for *Younger* restraint, or the end result to be avoided."  *Id.* at 976 –77; *see also id*. at 976 ("There is no doubt that interference with state proceedings is at the core of the comity concern that animates *Younger*.").  "'[D]irect interference' is

6

not required as a precondition for *Younger* abstention," *id.* at 978, only "*some* interference with state court proceedings is . . . necessary," *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 n.9 (9th Cir. 2007).

Here, Malori asks the Court to find that her Sixth Amendment rights were violated because she received ineffective assistance of counsel. *Younger* disapproves of such interference in Malori's ongoing state proceedings. *See Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) ("To the extent [plaintiff] contends that his court-appointed counsel is inadequate, he must raise this issue in his ongoing criminal proceedings, not in a civil rights complaint in federal court."); *Cir. Ct. of Or. for Lane Cty.*, No. 20-cv-00166-IM, 2020 WL 1281233, at *1 (D. Or. Mar. 16, 2020) ("This Court abstains from exercising jurisdiction over [plaintiff's] ineffective assistance of counsel claim . . . because resolution of the claim would interfere with his ongoing criminal proceeding.").

Finally, nothing within the record or in the state court docket indicates that Malori's state proceedings are being conducted in bad faith or that any extraordinary circumstance exists. This Court therefore abstains from interfering in Malori's ongoing state criminal proceedings. This action is DISMISSED without prejudice.

## IV. **CONCLUSION**

(1) This action is DISMISSED without prejudice.

(2) The Clerk of Court is DIRECTED to ENER JUDGMENT and close the file.

IT IS SO ORDERED.

DATED: December 22, 2021, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROBERTA MALORI VS. NELSON W. GOO, ET AL; CV 21-00481 LEK-KJM; ORDER DISMSSING ACTION WITHOUT PREJUDICE**